UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK C. ROBERTO

                        Plaintiff,          06-CV-0484

            v.                              **DECISION
                                            and ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security

                        Defendant.

_____

## INTRODUCTION

     Plaintiff Frank Roberto, ("Roberto") brings this action
pursuant to Title II of the Social Security Act, § 201 et. seq.
(Codified at 42 U.S.C. § 401 et. seq.) claiming that the
Commissioner of Social Security improperly denied his application
for supplemental security income benefits.  Specifically, Roberto
alleges that the Commissioner's decision was erroneous because it
was not supported by the substantial evidence contained in the
record, or was legally deficient.

     The Commissioner moves for judgment on the pleadings on
grounds that the ALJ's decision was correct, was supported by
substantial evidence, and was made in accordance with applicable
law.  Roberto opposes the defendant's motion, and cross-moves for
judgment on the pleadings.

     This matter was referred to Magistrate Judge Hugh B. Scott on
January 24, 2007 by the Honorable John T. Elfvin to make a
determination of the factual and legal issues presented, and to

Page -1-

prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.   By Report and Recommendation dated July 20, 2007, Judge Scott recommended that the Commissioner's determination be affirmed.   Thereafter, on August 6, 2007, the defendant filed objections to Judge Scott's Report and Recommendation.

For the reasons set forth below, I affirm Judge Scott's Report and Recommendation, grant the Commissioner's motion for judgment on the pleadings, and deny plaintiff's motion for judgment on the pleadings.

<u>**BACKGROUND**</u>

On May 21, 2002, plaintiff Frank Roberto applied for Social Security disability benefits claiming that he had become unable to work as of August 31, 1997, due to a learning disability, hearing loss, and seizure disorder.   Plaintiff's application for benefits was denied, as was his request for reconsideration.   Thereafter, plaintiff requested an administrative hearing which was held before Administrative Law Judge ("ALJ") Marilyn D. Zahm.   ALJ Zahm denied plaintiff's application, and thereafter, plaintiff appealed the ALJ's decision to the Social Security Appeals Board.   The Appeals board denied plaintiff's appeal, and on July 20, 2006, plaintiff filed this action.

**DISCUSSION**

     I.   Standard of Review

     Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations.  After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1).  A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance.  Cullen v. United States, 194 F.3d 401 (2nd Cir. 1999).  I apply these standards to the following analysis.

     II.  The ALJ's determination that plaintiff does not suffer from a disabling mental impairment is supported by the substantial evidence contained in the record.

The ALJ found that although the plaintiff suffers from the severe impairments of borderline intellectual functioning, a hearing impairment, and a history of a seizure disorder, those impairments did not either individually or in combination constitute or equal any impairment listed in the social security regulations.

Plaintiff objects to the Commissioner's findings, and contends that he is disabled due to mental retardation pursuant to Listing 12.05(C) of the Social Security Regulations.  Specifically, Listing 12.05 provides that:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; _i.e.,_ the evidence demonstrates or supports onset of impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A.  Mental incapacity evidenced by dependence upon others for personal needs . . . . and inability to follow directions, such that the standardized measures of intellectual functioning is precluded;
> OR
> B.  A valid verbal, performance, or full scale IQ of 59 or less;
> OR
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation or function;
> OR
> D.  A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
> 1.  Marked restriction of activities of daily living; or
> 2.  Marked difficulties in maintaining social relationships;
> 3.  Marked difficulties in maintaining concentration, persistence, or pace; or
> 4.  Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.  Plaintiff contends that because his full scale I.Q. is 70, and he suffers from the severe impairment of hearing loss which imposes a significant work related limitation, he satisfies the requirements of § 12.05(C).  Plaintiff further contends that because he exhibited deficits in adaptive functioning prior to age 22, he meets all elements of Listing 12.05(C), and therefore, he must be found disabled.

As the ALJ noted, however, 20 C.F.R. Pt. 404, Subpt. P. § 12.00A provides in relevant part that:

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings.  Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation.  It also contains four sets of criteria (paragraphs A through D).  <u>If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing</u>.

20 C.F.R. Pt. 404, Subpt. P. § 12.00A (emphasis added).  Accordingly, to be found disabled under section 12.05(C), a claimant must establish that he has a valid verbal, performance, or full scale IQ score between 60 and 70; a physical or other mental impairment imposing an additional and significant work related limitation or function; and significantly subaverage general intellectual functioning with deficits in adaptive functioning which initially appeared prior to age 22.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

In this case, the ALJ found that the plaintiff does not suffer from significantly subaverage general intellectual functioning, and did not suffer from deficits in adaptive functioning which initially appeared prior to age 22.  I find that the ALJ's conclusions are supported by the evidence in the record.  The record is replete with evidence demonstrating that the plaintiff does not suffer from <u>significantly</u> subaverage general intellectual functioning.  The record demonstrates that the plaintiff can follow and understand simple directions and instructions, can perform tasks independently, and can perform repetitive tasks.  At the time of the hearing, plaintiff had been married for over thirteen years. Plaintiff can read at a third-grade level, and reads fiction, non-fiction, newspapers and magazines.  He performs household chores such as cooking, cleaning, laundry, shopping and mowing the lawn. Plaintiff satisfactorily completed the requirements to obtain a driver's license, drives, rides a bike, and also uses public transportation.  Indeed, plaintiff exhibited many skills while working for various employers during the time for each he now seeks benefits.  Plaintiff has worked as a general laborer, sand machine operator, box assembler, and garage-door assembler.

Based on the substantial evidence contained in the record, I affirm the ALJ's finding that plaintiff does not suffer from significantly subaverage intellectual functioning.  However, even if the plaintiff did suffer from significantly subaverage

intellectual functioning, I concur with the ALJ's determination that plaintiff did not suffer from deficits in adaptive functioning which initially appeared prior to age 22.  Though there is little evidence in the record on this point, the record indicates that plaintiff attended high school through the tenth grade in a special, ungraded class, and was never diagnosed as suffering from a mental disability at that time.

Plaintiff objects that a formal diagnosis of a mental disability is not required to establish the early onset of deficits in adaptive functioning, provided that there is some evidence that the plaintiff suffered from such a condition during the relevant time period, and cites Maresh v. Barnhart, 438 F.3d 897 (8th Cir. 2006) in support of his contention.  In Maresh, the Eighth Circuit Court of Appeals held that a formal diagnosis of mental retardation was not required to establish the existence of impairments that arose prior to age 22.  Instead, the Court of Appeals relied on the record, which indicated that the plaintiff struggled in special education classes through the ninth grade before dropping out of school, and that he had frequent fights when he was in school, to establish the existence of deficits in adaptive functioning that arose during that plaintiff's developmental years.  Maresh, 438 F.3d at 900.

I need not decide, however, whether or not a formal diagnosis of mental retardation is required to prove the existence of deficits in adaptive functioning which initially appeared prior to

age 22.  In this case, unlike in <u>Maresh</u>, there is no evidence to support a finding that the plaintiff suffered such deficits during that time.  Although Roberto only attended school through the tenth grade, his academic records were lost, and (unlike the <u>Maresh</u> case) there is no evidence that he struggled in school or was involved in excessive fighting.  Moreover, there are no contemporaneous medical records suggesting that the plaintiff suffered from deficits in adaptive functioning, regardless of whether any mental condition was diagnosed.  Furthermore, in 1976, when plaintiff was approximately 22 years of age, he began receiving Social Security Disability benefits due to a seizure disorder.  There was no evidence at that time, however, that plaintiff suffered from any significant cognitive difficulties.  Because the substantial evidence in the record supports the Commissioner's conclusion that the plaintiff did not suffer from deficits in adaptive functioning prior to age 22, I affirm the Commissioner's finding.

## <u>CONCLUSION</u>

For the reasons set forth above, it is hereby ordered that Judge Scott's July 20, 2007 Report and Recommendation is adopted in its entirety.  The Commissioner's motion for judgment on the pleadings is granted, plaintiff's motion for judgment on the pleadings is denied, and plaintiff's Complaint is dismissed.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          October 30, 2007